UNITED STATES of America,
Plaintiff-Appellee,

v.

James Elmore STAPLES and Charles
Calvin Kellis, Defendants-
Appellants.

No. 31106.

United States Court of Appeals,
Fifth Circuit.

June 25, 1971.

Rehearing and Rehearing En Banc
Denied Sept. 27, 1971.

Henry R. Barksdale, of Barksdale, Tucker & Worley, Pensacola, Fla. (Ct. Apptd.), C. Stewart Williams, Jr., Pensacola, Fla., for defendants-appellants.

James Elmore Staples, pro se.

William Stafford, U. S. Atty., Stewart J. Carrouth, Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before COLEMAN, SIMPSON and RONEY, Circuit Judges.

PER CURIAM:

The Benton State Bank in Bauxite, Arkansas, was burglarized by the burning of a hole in the vault door and the removal of $1,524.50 in silver coins therefrom on December 18, 1968, and the appellants Staples and Kellis, both residents of Pensacola, Florida, were indicted by a Grand Jury for the Western Division of the Eastern District of Arkansas on February 11, 1969. On motion of the defendants (see Rule 21(b), F.R.Crim.P.) the indictment was transferred for trial to the Pensacola Division of the Northern District of Florida in May 1970, and the defendants were tried before a jury, convicted and sentenced in November 1970. After the trial court denied motions for new trial this appeal ensued. We affirm.

The issues raised on appeal are whether the evidence was sufficient, whether the motions to suppress were properly denied, whether Kellis' motion for severance was properly denied, whether the government attorney's closing arguments to the jury included remarks prejudicial to the rights of the defendants, and whether the discovery, after trial, that two law books[1] were in the jury room during the jury's deliberations required the granting of a motion for new trial.

We conclude that the evidence as to each of the defendants was sufficient to permit the verdicts to stand, Glasser v. United States, 1944, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680; that the trial court did not abuse its discretion in denying Kellis' motion for severance; that the searches of the respective homes of the defendants were reasonable and were conducted incident to lawful arrests under arrest warrants; that the government's closing argument was induced by and a fair response to the jury argument of defendants' counsel, and fi-

1. One book was Title 18, United States Code and the other was a volume of the Florida Statutes containing some or all of the statutes defining criminal offenses. The books had been left in the jury room some weeks before and were discovered after the trial by the judge's law clerk.

The jurors were interrogated by the court as to whether they had examined the books. Only one juror stated that he had. His testimony was that he opened the Florida Statutes book to a page where he saw some reference to the offense of murder.

nally that the inadvertent presence of the two law books in the jury room worked no prejudice to either defendant.

The judgment appealed from is

Affirmed.

### ON PETITION FOR REHEARING AND PETITION FOR RE-HEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.